[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
The defendant-appellant, Robert D. Fettes, Sr., appeals from the trial court's grant of summary judgment in favor of the plaintiff-appellee, Sysco Food Services of Cincinnati, in an action on a debt. The amount awarded Sysco was $210,725.84 plus 1.5 per cent interest from October 9, 1996.
Fettes was the sole shareholder of R.D.F. Developments Inc., an Ohio corporation that was not named as a party in the action because it had earlier filed for relief under Chapter 11 of the United States Bankruptcy Code. The litigation stemmed from a debt that R.D.F. owed Sysco and the "Individual Personal Guaranty" signed by Fettes. The guaranty obligated Fettes to pay any unpaid sum that R.D.F. owed Sysco.
In his first of three assignments of error, Fettes contends that the trial court erred in granting Sysco's "Motion in Limine for Contempt, Sanctions and Expenses" on October 9, 1997. The rules of discovery, however, allow the trial court broad discretion when sanctioning parties because of discovery abuses. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 662 N.E.2d 1. Our review, therefore, is limited to whether the trial court abused that discretion. To find such an abuse, "the result must be so palpably and grossly violative of fact or logic that it evidences not exercise of will but perversity of will, not exercise of judgment but defiance of judgment, not exercise of reason but instead passion and bias." Id. at 256, 662 N.E.2d at 3.
Furthermore, Civ.R. 37 allows a trial court to sanction a disobedient party by holding the party in civil contempt, controlling and omitting certain matters of evidence, and imposing fees, including attorney fees, for any noncompliance with court orders.
The trial court ordered Fettes on March 26, 1997, to "properly respond to Plaintiff's Request for Production of Documents served on Defendant on or about January 8, 1997." Rather than complying directly with the trial court's order, Fettes responded by sending Sysco a bill for the costs of compiling the discovery. Construing this as disobedience to its order, the trial court held Fettes in civil contempt; prohibited him from identifying or introducing at trial documents he requested on January 8, 1997, in preparation for his defense; and charged Fettes the attorney fees that had accrued because of his failure to comply with the order. Given the trial court's broad discretionary powers to control discovery, we cannot say that the trial court's order demonstrated an attitude that was capricious or unreasonable. Fettes's first assignment of error is, therefore, overruled.
In his second assignment of error, Fettes maintains that the trial court erred in overruling his motion for a change of venue. The trial court's March 26, 1997, entry denying the motion states that a hearing on the matter was held on March 14, 1997. The record certified to us does not contain a transcript of the hearing; therefore, it is unknown whether the trial court took evidence on this issue in addition to the affidavits attached to the motion and opposing memorandum. Because Fettes has failed to include a transcript of the hearing in the record, a statement arguing why a transcript is not necessary, or a statement of the evidence or proceeding as required by App.R. 9 (B), Fettes has not met his burden of demonstrating that the decision of the trial court to deny the motion was unsupported by the record. Fettes's second assignment of error, therefore, is overruled.
In his final assignment of error, Fettes confusingly contends that the trial court erred by not denying the motion of an attorney to make a limited appearance on behalf of Fettes. The attorney filed the motion after being contacted by Fettes to represent him during the course of the litigation. In addition to permission for making a limited appearance, the attorney also asked for a continuance and a setting aside of the trial court's previous rulings regarding discovery. The attorney was granted permission to enter a limited appearance as counsel of record; however, the trial court denied that part of the motion which sought to set aside the trial court's prior discovery rulings. Fettes's true assignment of error, which is discovered later in his brief, seems to be that the trial court violated Civ.R. 1 (B) by refusing to revisit its rulings made prior to the attorney's limited appearance.
Civ.R. 1 (B) states that "[t]hese rules shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Besides the assertion that the trial court violated this rule by not hearing argument on the motion to reconsider its prior rulings, Fettes has failed to set forth any compelling argument or evidence that demonstrates that the trial court acted unjustly. Fettes, it should be pointed out, had been constantly advised earlier by the trial court to obtain legal counsel. Thus, Fettes's third assignment of error is also overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge